**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT U. SOLOMON, | No. 13-15901 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01511-SKO |
| v. | |
| M. CARRASCO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Vincent U. Solomon, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Solomon consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Solomon's First Amendment retaliation claim because Solomon failed to allege facts sufficient to show that any defendant retaliated against him. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a First Amendment retaliation claim in the prison context).

The district court properly dismissed Solomon's due process claim regarding his placement in administrative segregation because Solomon's allegations show that he received sufficient process. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (setting forth minimum due process requirements for placement in administrative segregation).

The district court properly dismissed Solomon's Eighth Amendment claim alleging denial of medical appliances because Solomon failed to allege facts sufficient to show that any defendant was deliberately indifferent to his serious

medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health")*; Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (inadvertent failure to provide medical treatment does not state a deliberate indifference claim).

The district court properly dismissed Solomon's Eighth Amendment claim alleging deprivation of outdoor exercise against all defendants other than Carassco and Dailo because Solomon failed to allege facts sufficient to link these defendants to any constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

However, the district court's dismissal of Solomon's Eighth Amendment claim alleging deprivation of outdoor exercise against defendants Carassco and Dailo was improper because Solomon's pro se allegations, liberally construed and affording Solomon the benefit of any doubt, state a claim for deprivation of outdoor exercise. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (pro se complaints should be liberally construed); *Thomas v. Ponder*, 611 F.3d 1144, 1150-52 (9th Cir. 2010) (setting forth elements of an Eighth Amendment claim based on deprivation of outdoor exercise). Accordingly, we reverse the district

court's judgment as to Solomon's Eight Amendment claim for deprivation of outdoor exercise as to defendants Carassco and Dailo, and remand for further proceedings.

We do not consider allegations raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Solomon's request for appellate counsel, set forth in his opening brief, is denied.

**AFFIRMED in part, REVERSED in part, and REMANDED.**